IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
06/30/2016

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SHAHNAZ KHAN, | ) | CASE NO. 16-30033-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Trustee's Motion to Dismiss With Prejudice" (Docket No. 20). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Shahnaz Khan ("Debtor") filed the petition in the instant Chapter 13 case on January 4, 2016. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

Prior to the instant case, Debtor was the debtor in Case No. 08-34519-H2-7 (filed on July 15, 2008, discharge entered and case closed on April 3, 2009); Case No. 13-37720-H3-13 (filed on December 16, 2013, dismissed on January 2, 2014 for failure of Debtor to file a mailing matrix); Case No. 14-30346-H1-13 (filed

on January 14, 2014, dismissed on January 30, 2014 for failure of Debtor to file a mailing matrix); Case No. 14-31971-H1-13 (filed on April 8, 2014, dismissed on June 2, 2014 for, inter alia, failure of Debtor to file schedules, a Chapter 13 plan, payment advices, and to appear for the meeting of creditors); Case No. 15-35817-H1-13 (filed on November 2, 2015, dismissed on December 21, 2015 for failure of Debtor to file Schedule B and a statement of current monthly income).

When Debtor commenced the instant case, she was represented by Vy Nguyen.  Nguyen also represented Debtor in each of the previous Chapter 13 cases.  On March 21, 2016, Debtor moved to substitute J. Thomas Black as her attorney.  (Docket No. 23).  The motion to substitute was granted, by order entered on April 14, 2016.  (Docket No. 42).  On June 3, 2016, Black moved to withdraw, citing irreconcilable differences with Debtor as to the conduct of the case.  (Docket No. 51).  Black's motion was granted, by order entered on June 30, 2016.  (Docket No. 55).

In the instant case, Wells Fargo Bank, N.A., has filed a proof of claim, in the amount of $879,256.05, fully secured by Debtor's home.  Wells Fargo has asserted a prepetition arrearage amount of $417,823.31, and a monthly mortgage payment of $6,303.56, consisting of $4,603.28 principal and interest, and $1,700.28 monthly escrow.  (Claim No. 2-1).

Debtor filed an amended plan on March 28, 2016. The amended plan provides for Debtor to pay $5,000 per month for two months, followed by $5,425 per month for 58 months, for a total of $324,650, to the Chapter 13 Trustee for disbursement to creditors. Debtor proposes distributions from the Trustee, after deduction of Trustee's fee, of $297,226.18 to Wells Fargo Home Mortgage, secured by Debtor's homestead; $2,500 to Debtor's counsel; and $5,607.00 to pay unsecured claims in full. (Docket No. 26).

In the instant motion, Trustee seeks dismissal based on failure of Debtor to implement a wage deduction order or ACH authorization; provide for payment in full of secured and priority claims within the term of the plan; make plan payments; file a federal income tax return for 2015; and provide in the plan for the distribution of all of Debtor's projected disposable income to make payments to unsecured creditors. (Docket No. 20).

Debtor's Schedule I indicates that Debtor, a medical doctor, has monthly take home pay of $6,198.40. It indicates that Debtor's income is augmented by a directorship fee averaging $833.33 per month, and a $2,800 monthly contribution from her son. Debtor's total monthly income, shown on Schedule I, including family contributions, is $9,831.73. (Docket No. 25).

At the hearing on the instant motion, Debtor testified that all of the plan payments made in the instant case have been

3

paid by her son and her brother.

Debtor testified that she believes Wells Fargo has failed to give her credit for some payments made on the mortgage. She testified that she filed suit against Wells Fargo in state court. She testified that her suit against Wells Fargo in state court was dismissed. She testified that she has not made a payment on her mortgage since 2010. She testified that she needs more time in order to consult an attorney, in order to determine what remedies are available to her.

## Conclusions of Law

Section 1307(c)(1) of the Bankruptcy Code provides for dismissal of a case for cause, including unreasonable delay by the debtor that is prejudicial to creditors.

In a Chapter 13 case, a debtor generally may maintain monthly mortgage payments and cure a default on a home mortgage. In order to cure the default set forth in Wells Fargo's proof of claim, Debtor would be required to make a cure payment in excess of $6,900 per month, in addition to maintaining the $6,303.56 regular monthly mortgage payments. There is no indication in Debtor's schedules that Debtor is able to do so.

The instant case is Debtor's fifth Chapter 13 case in three years. Each of the previous cases was dismissed based on Debtor's failure to comply with applicable filing requirements. The delay to creditors occasioned by Debtor's multiple filings

has enabled her to continue to own a luxury home without paying the mortgage.  The court concludes that the instant case should be dismissed.

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), this court has on rare occasions granted extraordinary relief on motions for relief from stay, including provisions for in rem relief, and for any future dismissal to be with prejudice, where the granting of such relief was the only avenue available to prevent abuse of the bankruptcy courts by debtors. See e.g. In re Jenkins, 2010 WL 56003 (Bankr. S.D. Tex., Slip Op. 1/5/2010); In re Two Story Enterprises, Inc., (Order 10/26/2005, Docket No. 18, Case No. 05-44312-H3-11); In re Scott, (Order 8/29/2000, Docket No. 12, Case No. 00-80104-G3-13).

In BAPCPA, Congress enacted several protections and remedies for creditors. The protections enacted include, depending on the circumstances of the case, provisions under which the automatic stay terminates on the 30th day after refiling, or does not go into effect at all. See 11 U.S.C. §§ 362(c)(3), 362(c)(4).

In the instant case, Wells Fargo has an available remedy if Debtor chooses to file another case after dismissal of the instant case.  The court concludes that dismissal of the instant case should be without comment as to any prejudice.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned Chapter 13 case.

Signed at Houston, Texas on June 30, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE